FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2015 JUN 19 PM 3:38

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

PATENT ASSET LICENSING, LLC, )

Plaintiff, )

v. ) Case No. 3:15-cv-743-J-34JRK

WIDEOPENWEST FINANCE, LLC, )
AND KNOLOGY OF FLORIDA, INC., )

Defendants. )

________________________________)

**COMPLAINT**

Plaintiff Patent Asset Licensing, LLC ("PAL") sues defendants WideOpenWest Finance, LLC ("WOW") and Knology of Florida, Inc. ("Knology") (collectively, "Defendants") for infringement of U.S. Patent Nos. 7,764,777 ("the '777 Patent"); 8,155,298 ("the '298 Patent"); and 8,457,113 ("the '113 Patent") (collectively, the "Patents-in-Suit"), and alleges:

1. PAL is a Florida limited liability company with its principle place of business at 220 East Forsyth St., Suite 100, Jacksonville, Florida 32202.

2. WOW is a Delaware limited liability company with its principal place of business at 7887 E. Belleview Ave., Suite 1000, Englewood, Colorado 80202.

3. Knology is a Delaware Corporation with its principal place of business at 1241 O.G. Skinner Drive, West Point, Georgia 31833.

4. This action arises under the patent laws of the United States. Title 35 of the United States Code. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has general and specific personal jurisdiction over Defendants, and venue is proper, pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendants have substantial contacts with this forum, including: (1) regularly conducting and soliciting business from residents of the State of Florida and this District; (2) engaging in other persistent courses of conduct in the State of Florida and this District; (3) deriving substantial revenue from goods and/or services provided to individuals residing in the State of Florida and this District; and/or (4) committing infringement, in whole or in part, as alleged herein, including making, using, selling and/or offering to sell products, systems and/or services that infringe one or more claims of the Patents-in-Suit in the State of Florida and this District. The Florida Department of State issued Knology a certificate of authority to transact business in Florida, beginning in 1998.

## COUNT 1 – INFRINGEMENT OF THE '777 PATENT

6. PAL incorporates the allegations in paragraphs 1 through 5, above.

7. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

8. On July 27, 2010, the '777 Patent, entitled "Branch Calling and Caller ID Based Call Routing Telephone Features," was duly and legally issued in full compliance with Title 35 of the United States Code. The '777 Patent is attached as Exhibit A.

9. The '777 Patent is valid and enforceable.

10. PAL is the exclusive licensee of the '777 Patent with ownership of all pertinent rights in the '777 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

11. Defendants have infringed, and continue to infringe, claims of the '777 Patent by making, using, selling, and/or offering for sale or use telephony products and services that embody the claimed inventions, including (for example) at least claim 17 by importing, making, using, selling and/or offering for sale, in the United States, products, systems, and/or services that allow a user to select calling features via the Internet that cause incoming calls to be routed to additional destinations (e.g., call forwarding, simultaneous ring).

12. PAL has been damaged as a result of Defendants' infringing conduct. Defendants are liable to PAL in an amount that adequately compensates PAL for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 2 – INFRINGEMENT OF THE '298 PATENT

13. PAL incorporates the allegations in paragraphs 1 through 5, above.

14. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

15. On April 10, 2012, the '298 Patent, entitled "Tandem Access Controller Within the Public Switched Telephone Network," was duly and legally issued in full compliance with Title 35 of the United States Code. A copy of the '298 Patent is attached as Exhibit B.

16. The '298 Patent is valid and enforceable.

17. PAL is the exclusive licensee of the '298 Patent with ownership of all pertinent rights in the '298 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

18. Defendants have infringed, and continue to infringe, claims of the '298 Patent by making, using, selling, and/or offering for sale or use telephony products and services that embody the claimed inventions, including (for example) at least claim 20 by importing, making, using, selling and/or offering for sale, in the United States, products, systems, and/or services that execute calling features (e.g., call forwarding, simultaneous ring) enabled by a user via a website.

19. PAL has been damaged as a result of Defendants' infringing conduct. Defendants are liable to PAL in an amount that adequately compensates PAL for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT 3 – INFRINGEMENT OF THE '113 PATENT

20. PAL incorporates the allegations in paragraphs 1 through 5, above.

21. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

22. On June 4, 2013, the '113 Patent, entitled "Branch Calling and Caller ID Based Call Routing Telephone Features," was duly and legally issued in full compliance with Title 35 of the United States Code. A copy of the '113 Patent is attached as Exhibit C.

23. The '113 Patent is valid and enforceable.

24. PAL is the exclusive licensee of the '113 Patent with ownership of all pertinent rights in the '113 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

25. Defendants have infringed, and continue to infringe, claims of the '113 Patent by making, using, selling, and/or offering for sale or use telephony products and services that embody the claimed inventions, including (for example) at least claim 1, by importing, making, using, selling and/or offering for sale, in the United States, products, systems, and/or services that enable completion of a telephone call across a circuit switched network (e.g., the PSTN) and a packet switched network (e.g., a VoIP network).

26. PAL has been damaged as a result of Defendants' infringing conduct. Defendants are liable to PAL in an amount that adequately compensates PAL for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

PAL requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

PAL requests that the Court grant PAL the following relief:

a. judgment that one or more claims of each of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. judgment that Defendants account for and pay to PAL all damages to and costs incurred by PAL because of Defendants' infringing activities and other conduct alleged above;

c. that PAL be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct alleged above;

d. that this Court declare this an exceptional case and award PAL its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. that PAL be granted such other and further relief as the Court may deem just and proper under the circumstances, including any increase in damages pursuant to 35 U.S.C. § 284 to which the Court assesses as appropriate to compensate for Defendants' conduct.

SIBER LAW LLP
Victor Siber
New York Bar No. 1497692
VSiber@SiberLaw.com
Hanna Madbak
New York Bar No. 4338364
HMadbak@SiberLaw.com
Andres Arrubla
Florida Bar No. 91300
AArrubla@SiberLaw.com
28 West 44th Street, Suite 604
New York, New York 10036
(212) 858-9942
(646) 417-7435 (facsimile)

and

NELSON BUMGARDNER P.C.
Barry Bumgardner
Texas State Bar No. 00793424
barry@nelbum.com
Ryan P. Griffin
Texas State Bar No. 24053687
ryan@nelbum.com
Anthony Vecchione
Texas State Bar No. 24061270
anthony@nelbum.com
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
(817) 377-3485 (facsimile)

SMITH HULSEY & BUSEY

By ______________________
Stephen D. Busey
James A. Bolling

Florida Bar Number 117790
Florida Bar Number 901253
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jbolling@smithhulsey.com

Attorneys for Patent Asset Licensing, LLC

00903427.1