**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| PATENT ASSET LICENSING LLC,<br><br>Plaintiffs.<br><br>vs.<br><br>WIDEOPENWEST FINANCE, LLC AND KNOLOGY OF FLORIDA, INC.<br><br>Defendants. | Civil Action No. 3:15-cv-743-J-34JRK<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS WIDEOPENWEST FINANCE, LLC**
**AND KNOLOGY OF FLORIDA, INC.'S**
**ANSWER AND DEFENSES**

Defendants WideOpenWest Finance, LLC ("WOW") and Knology of Florida, Inc. ("Knology") (collectively "Defendants") hereby respond to Plaintiff Patent Asset Licensing LLC's ("PAL") as follows.

**THE PARTIES, JURISDICTION, AND VENUE**

1. Defendants admit that PAL alleges that it is a Florida limited liability company with its principal place of business at 220 East Forsyth St., Suite 100, Jacksonville, Florida 32202. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint, and accordingly, deny them.

2. Admitted.

3. Admitted.

4. Defendants admit that the Complaint purports to invoke the patent laws of the United States, Title 35 of the United States Code. Defendants deny that PAL is entitled to

any relief, including any relief under the patent laws of the United States, Title 35 of the United States Code. Defendants admit that this Court has subject matter jurisdiction over patent law claims generally pursuant to 28 U.S.C. §§ 1331 and 1338 (a) but deny that the patents-in-suit contain patent-eligible subject matter.

5. WOW and Knology each admit that venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because WOW and Knology are respectively subject to the personal jurisdiction of this Court, but state that other districts may be more convenient forums in which to litigate PAL's claims. Knology also admits that the Florida Department of State issued Knology a certificate of authority to transact business in Florida beginning in 1998. Defendants deny that a substantial part of the events giving rise to PAL's claims occurred in the Middle District of Florida. Defendants further deny that WOW and Knology have infringed the patents-in-suit in this judicial district. In addition, to the extent that 35 U.S.C. § 282 requires an additional pleading of non-infringement beyond the denial of a plaintiff's allegation of infringement, Defendants hereby plead non-infringement and expressly note that the burden of proof on infringement remains at all times and for all purposes on PAL. Defendants deny the remaining allegations of paragraph 5.

**RESPONSE TO COUNT 1**
**ALLEGED INFRINGEMENT OF THE '777 PATENT**

6. No response is required to PAL's reference and incorporation of paragraphs 1-5 of the Complaint. To the extent a response is deemed required, Defendants incorporate their responses above to the allegations of paragraphs 1-5 of the Complaint as if set forth fully herein.

7. Defendants admit that the Complaint purports to bring an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*. Defendants deny that PAL is entitled to any relief, including any relief under 35 U.S.C. §§ 271 *et seq*.

8. Defendants admit that, on July 27, 2010, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 7,764,777 (the "'777 Patent"), "Branch Calling and Caller ID Based Call Routing Telephone Features." Defendants deny that the '777 Patent was duly and legally issued. Defendants admit that attached to the Complaint as Exhibit A is a document that purports to be a copy of the '777 Patent. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and accordingly deny them.

9. Denied.

10. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, deny the same.

11. Denied. In addition, to the extent that 35 U.S.C. § 282 requires an additional pleading of non-infringement beyond the denial of a plaintiff's allegation of infringement, Defendants hereby plead non-infringement and expressly note that the burden of proof on infringement remains at all times and for all purposes on PAL.

12. Denied. In addition, to the extent that 35 U.S.C. § 282 requires an additional pleading of non-infringement beyond the denial of a plaintiff's allegation of infringement, Defendants hereby plead non-infringement and expressly note that the burden of proof on infringement remains at all times and for all purposes on PAL.

**RESPONSE TO COUNT 2**
**ALLEGED INFRINGEMENT OF THE '298 PATENT**

13. No response is required to PAL's reference and incorporation of paragraphs 1-5 of the Complaint. To the extent a response is deemed required, Defendants incorporate their responses above to the allegations of paragraphs 1-5 of the Complaint as if set forth fully herein.

14. Defendants admit that the Complaint purports to bring an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*. Defendants deny that PAL is entitled to any relief, including any relief under 35 U.S.C. §§ 271 *et seq*.

15. Defendants admit that, on April 10, 2012, the USPTO issued United States Patent No. 8,155,298 (the "'298 Patent"), entitled "Tandem Access Controller Within The Public Switched Telephone Network." Defendants deny that the '298 Patent was duly and legally issued. Defendants admit attached to the Complaint as Exhibit B is a document that purports to be a copy of the '298 Patent. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and accordingly deny them.

16. Denied.

17. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, therefore, deny the same.

18. Denied. In addition, to the extent that 35 U.S.C. § 282 requires an additional pleading of non-infringement beyond the denial of a plaintiff's allegation of infringement, Defendants hereby plead non-infringement and expressly note that the burden of proof on infringement remains at all times and for all purposes on PAL.

19. Denied. In addition, to the extent that 35 U.S.C. § 282 requires an additional pleading of non-infringement beyond the denial of a plaintiff's allegation of infringement, Defendants hereby plead non-infringement and expressly note that the burden of proof on infringement remains at all times and for all purposes on PAL.

**RESPONSE TO COUNT 3**
**ALLEGED INFRINGEMENT OF THE '113 PATENT**

20. No response is required to PAL's reference and incorporation of paragraphs 1-5 of the Complaint. To the extent a response is deemed required, Defendants incorporate their responses above to the allegations of paragraphs 1-5 of the Complaint as if set forth fully herein.

21. Defendants admit that the Complaint purports to bring an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271 *et seq*. Defendants deny that PAL is entitled to any relief, including any relief under 35 U.S.C. §§ 271 *et seq*.

22. Defendants admit that, on June 4, 2013, the USPTO issued United States Patent No. 8,457,113 (the "'113 Patent"), entitled "Branch Calling and Caller ID Based Call Routing Telephone Features." Defendants deny that the '113 Patent was duly and legally issued. Defendants admit that attached to the Complaint as Exhibit C is a document that purports to be a copy of the '113 Patent. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint and accordingly deny them.

23. Denied.

24. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint and, therefore, deny the same.

25. Denied. In addition, to the extent that 35 U.S.C. § 282 requires an additional pleading of non-infringement beyond the denial of a plaintiff's allegation of infringement, Defendants hereby plead non-infringement and expressly note that the burden of proof on infringement remains at all times and for all purposes on PAL.

26. Denied. In addition, to the extent that 35 U.S.C. § 282 requires an additional pleading of non-infringement beyond the denial of a plaintiff's allegation of infringement, Defendants hereby plead non-infringement and expressly note that the burden of proof on infringement remains at all times and for all purposes on PAL.

## DEMAND FOR JURY TRIAL

Defendants admit that the Complaint sets forth a demand for a trial by jury. Defendants, likewise, demand a jury trial on all issues triable by jury.

## PRAYER FOR RELIEF

To the extent that any response to the requested relief in the Prayer for Relief (¶¶ a - e) is required, Defendants deny the allegations contained in the Prayer for Relief and further deny that PAL is entitled to any relief whatsoever against Defendants.

## AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Defendants allege and assert the following defenses in response to the allegations of the Complaint. Regardless of how such defenses are listed herein, Defendants undertake the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. In addition to the defenses described below, Defendants specifically reserve all rights to allege additional defenses.

**First Affirmative Defense**

The asserted claims of the '777 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements).

The asserted claims of the '298 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements).

The asserted claims of the '113 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to claim the subject matter regarded as the invention, and failure to satisfy the written description and/or enablement requirements).

**Second Affirmative Defense / Reservation of Rights**

Defendants are investigating the facts relating to the procurement of the patents-in-suit and the assertion of infringement against Defendants, and will continue to do so throughout the discovery process. To the extent that this investigation reveals any improprieties in connection with such matters, Defendants reserve the right to seek leave to amend to assert such allegations and/or defenses based thereon that may be appropriate.

## GENERAL DENIAL

Defendants further deny each allegation in PAL's Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer to PAL's Complaint.

DATED: March 9, 2016

**DUANE MORRIS LLP**
200 South Biscayne Boulevard
Southeast Financial Center, Suite 3400
Miami, FL 33131-2318
Telephone: (305) 960-2200
Facsimile: (305) 397-1874

By:/s/ Harvey W. Gurland, Jr., P.A.
Harvey W. Gurland, Jr., P.A.
Florida Bar No. 284033
E-mail: hwgurland@duanemorris.com

-and-

Matthew C. Gaudet, Esq.
*Admitted Pro Hac Vice*
mcgaudet@duanemorris.com
S. Neil Anderson, Esq.
*Admitted Pro Hac Vice*
snanderson@duanemorris.com

DUANE MORRIS LLP
Suite 2000
1075 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-253-6900
Fax: 404-253-6901

Christopher Tyson
*Admitted Pro Hac Vice*
cjtyson@duanemorris.com

DUANE MORRIS LLP
Suite 1000
505 9th Street, N.W.
Washington, DC 20004
Tel: 202-776-7851

*Counsel for Defendants*
*WideOpenWest Finance, LLC and*
*Knology of Florida, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of March, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing document was served on all counsel or parties of record on the Service List below by electronic service using CM/ECF.

/s/ Harvey W. Gurland, Jr., P.A.
Harvey W. Gurland, Jr., P.A.

**SERVICE LIST**

**Andres Felipe Arrubla**
Siber Law, LLP
28 W. 44th St. Ste 604
New York, NY 10036
Tel: 212/858-9945
Fax: 646/417-7045
Email: aarrubla@siberlaw.com
*Counsel for Plaintiff*

**Anthony Vecchione**
Nelson Bumgardner P.C.
Suite 300
3131 west 7th St.
Fort Worth, TX 76107
Tel: 817/377-9111
Fax: 817/377-3485
Email: anthony@nelbum.com
*Counsel for Plaintiff*

**Barry Bumgardner**
Nelson Bumgardner P.C.
Suite 300
3131 west 7th St.
Fort Worth, TX 76107
Tel: 817/377-9111
Fax: 817/377-9111
Email: barry@nelbum.com
*Counsel for Plaintiff*

**Hanna Madbak**
Siber Law LLP
Suite 604
28 West 44th Street
New York, NY 10036
Tel: 212/858-9943
Fax: 646/417-7445
Email: hmadbak@siberlaw.com
*Counsel for Plaintiff*

**SERVICE LIST (CONTINUED)**

**James Arthur Bolling**
Smith, Hulsey & Busey
225 Water St - Ste 1800
PO Box 53315
Jacksonville, FL 32202-3315
Tel: 904/359-7700
Fax: 904/359-7708
Email: jbolling@smithhulsey.com
*Counsel for Plaintiff*

**Ryan P. Griffin**
Nelson Bumgardner P.C.
Suite 300
3131 west 7th St.
Fort Worth, TX 76107
Tel: 817/377-9111
Fax: 817/377-3485
Email: ryan@nelbum.com
*Counsel for Plaintiff*

**Stephen D. Busey**
Smith, Hulsey & Busey
225 Water St - Ste 1800
PO Box 53315
Jacksonville, FL 32202-3315
Tel: 904/359-7700
Fax: 904/359-7708
Email: busey@smithhulsey.com
*Counsel for Plaintiff*

**Victor Siber**
Siber Law LLP
Suite 604
28 West 44th Street
New York, NY 10036
Tel: 212/858-9944
Fax: 646/417-7445
Email: vsiber@siberlaw.com
*Counsel for Plaintiff*