**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATENT ASSET LICENSING, LLC,

    Plaintiff,

v.                                        Case No. 3:15-cv-743-J-32MCR

WIDEOPENWEST FINANCE, LLC
and KNOLOGY OF FLORIDA, INC.,

    Defendants.

## O R D E R

This case before the Court on the Unopposed Motion for Leave to Seal Defendants WideOpenWest Finance, LLC and Knology of Florida, Inc.'s (collectively "WOW") Opposition to Plaintiff's Motion for Permission for Victor Siber and Hanna Madbak to Access Confidential Documents. (Doc. 50).

WOW explains that the documents to be filed under seal are its opposition and accompanying Exhibits 5 and 7, the redacted portions of which are marked "Confidential - Attorney's Eyes Only." Exhibit 5 is PAL's Responses to WOW's First Set of Interrogatories, which contains confidential business information, including affiliates of PAL and business entities in which Siber and Madbak have an ownership interest of 15% or greater. Exhibit 7 is a licensing agreement for the patents-in-suit, which contains PAL's confidential business information and licensing terms.

WOW states that good cause exists to seal this material because it contains PAL's confidential business information, including licensing terms and also contains

the information of third party Focal IP. It further proposes that the documents be sealed for the duration of the case, after which point it requests that the sealed materials be returned to the parties.

The public has "a common-law right to inspect and copy judicial records and public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). The public's right of access to judicial records may be overcome, however, by a showing of good cause by the party seeking protection. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001); see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re Alexander, 820 F.2d at 356.

If good cause has been shown, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. Chicago Tribune Co., 263 F.3d at 1313. In balancing these interests:

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citations omitted). Moreover, even in the absence of any challenge to sealing the information, the court, as "the primary representative of the public interest in the judicial process," is duty-bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record."

2

Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

To aid the court in its review, Local Rule 1.09 requires any motion to seal to provide:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla. R. 1.09(a).

"'Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.'" NXP B.V. v. Research In Motion, Ltd., No. 6:12–cv–498–Orl–22TBS, 2013 WL 4402833, *2 (M.D. Fla. Aug.15, 2013) (quoting Vista India, Inc. v. Raaga, LLC, No. 07–1262, 2008 WL 834399, *2 (D.N.J. Mar. 27, 2009)). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246. Courts in this district have granted motions to seal in patent infringement cases where the information sought to be protected was designated "confidential" by agreement of the parties and where public access to the documents could violate the parties' privacy or proprietary interests. See, e.g., Arthrex, Inc. v. Parcus Med., LLC, No. 2:11-CV-694-FTM-29CM, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014); NXP B.V., 2013 WL 4402833, at *2.

Upon due consideration, the Court finds that allowing public access to the information the parties seek to file under seal could harm their legitimate privacy and proprietary interests, and there is no less restrictive method available to protect the information. Therefore, because they are unopposed and there exists good cause, the motion to seal will be granted, and the parties permitted to file the documents under seal. However, the Court will determine later whether the items will remain under seal for the duration of the case.

Accordingly, it is hereby

**ORDERED:**

1. The Unopposed Motion for Leave to Seal Defendants WideOpenWest Finance, LLC and Knology of Florida, Inc.'s Opposition to Plaintiff's Motion for Permission for Victor Siber and Hanna Madbak to Access Confidential Documents (Doc. 50) is **GRANTED**.

2. By **June 10, 2016**, WOW shall mail or hand-deliver the materials to be filed under seal to the Clerk. The documents will remain under seal for the duration of this litigation or until further order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida the 24th day of May, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

4

Counsel of record

5